UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KRYSTAL LEIGH LAGO,**

    **Plaintiff,**

v.                                          **Case No. 8:25-cv-1954-WFJ-AAS**

**STATE OF FLORIDA,**
**et al.,**

    **Defendants.**
_____/

## ORDER

Plaintiff Krystal Leigh Lago, proceeding pro se, requests that the court enter an order allowing the filing of her financial affidavit and motion to proceed *in forma pauperis* under seal. (Doc. 2).

Local Rule 1.11(b), M.D. Fla., governs the filing of documents under seal and provides the motion:

    (1)    must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";

    (2)    must describe the item;

    (3)    must establish

        (A) that filing the item is necessary,

        (B) that sealing the item is necessary, and

1

>       (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
>
> (4) must include a legal memorandum;
>
> (5) must propose a duration for the seal;
>
> (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
>
> (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and
>
> (8) must include the item, which is sealed pending an order resolving the motion.

The party requesting the seal must ensure that it sufficiently addresses these requirements for all the items designated for sealing. *Boullosa v. Equifax Info. Servs., LLC*, No. 8:22-CV-2642-CEH-CPT, 2024 WL 3673566, at *1 (M.D. Fla. Aug. 6, 2024).

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access" to judicial proceedings. *Romero v. Drummond Company, Inc.*, 480 F.3d 1234,

1245 (11th Cir. 2007). This common law right "is instrumental in securing the integrity of the [judicial] process." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero*, 480 F.3d at 1245 (11th Cir. 2007) (quoting *Chicago Trib. Co.*, 263 F.3d at 1309). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246 (11th Cir. 2007) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

Ms. Lago argues her motion to proceed in forma pauperis "contains sensitive personal and financial information that is not material to the merits of the case." (Doc. 2, p. 1). She fails to establish that sealing her financial

application is so necessary as to overcome the common law right of access. Accordingly, Ms. Lago's motion to seal (Doc. 2) is **DENIED.**

**ORDERED** in Tampa, Florida on August 4, 2025.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge